# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT L. OGLETREE, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO. 3:19-cv-00189 |
| | ) CHIEF JUDGE CRENSHAW |
| **JAYMES MARLER,** | ) |
| **MURFREESBORO, TN,** | ) |
| **MURFREESBORO POLICE** | ) |
| **DEPARTMENT,** | ) |
| **JANNA GOOCH, and** | ) |
| **DEPARTMENT OF HUMAN** | ) |
| **SERVICES,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

Robert Ogletree, Jr. has filed a *pro se* Complaint (Doc. No. 1) under 42 U.S.C. § 1983 against Murfreesboro Police Officer Jaymes Marler, the City of Murfreesboro, Tennessee, the Murfreesboro Police Department, Janna Gooch, and the Department of Human Services. Because he proceeds *in forma pauperis*, the complaint is before the Court for an initial review under 28 U.S.C. § 1915(e).

## I.  Initial Review Standard

The Court is required to conduct an initial review of any *in forma pauperis* complaint and to dismiss any portion of it that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007).

In conducting this review, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561F.3d 478, 488 (6th Cir. 2009) (citation omitted). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

**II.     Factual Allegations**

In his complaint, Plaintiff alleges that he was arrested on May 12, 2017 by Officer Jaymes Marler of the Murfreesboro Police Department. The charges were dismissed by Order of Expungement on February 6. 2019. (Doc. No. 1, at 1, 4 (Order of Expungement).) Plaintiff was arrested again by Jaymes Marler on March 15, 2018. This time he was found not guilty by a jury on January 23, 2019. (Id. at 1, 3 (Order of Expungement).) Plaintiff alleges generally that the Murfreesboro Police Department has "a long history of placing false charges on Robert Ogletree. . . . Robert Ogletree has 13 Orders of dismissal and 13 Orders of Expungement to show as fact . . . that the Murfreesboro Police Department has kept Robert Ogletree in a state of False Imprisonment for years." (Id. at 1.) Plaintiff alleges that his Fourteenth Amendment rights have been "violated over and over again by the Murfreesboro Police Department." (Id.)

The arrest on March 15, 2018 occurred after he went to the Department of Human Services to obtain emergency food stamps, having recently been released from jail. After he left the building, defendant Janna Gooch contacted the Murfreesboro Police Department and falsely reported that Robert Ogletree had "spit on her and kicked her." (Id.) Plaintiff denies that this occurred and denies the existence of any evidence to support Gooch's claim, but he was nonetheless arrested for assault and detained at the Rutherford County Jail until September 13, 2018. These charges were expunged on January 23, 2019. (Id. at 3.)

Plaintiff claims that the Department of Human Services is liable because it failed to install video cameras, which Plaintiff claims would have protected him from false arrest on Gooch's unsubstantiated allegations. (Id. at 2.) He also asserts that the Murfreesboro Police Department is "liable being they did nothing as officer after officer attacked Robert Ogletree.") (Id.)

Based on these factual allegations, Plaintiff asserts claims of unlawful arrest and malicious prosecution under 42 U.S.C. § 1983, based on the violation of his rights under the United States Constitution. He seeks compensatory and punitive damages against all defendants.

**III. Discussion**

To state a claim under 42 U.S.C. § 1983, the plaintiff must establish "(1) that [the] defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005). The plaintiff asserts two claims under § 1983: false arrest and malicious prosecution.

To prevail on a claim of false arrest or false imprisonment under § 1983, a plaintiff must show that the arresting officer lacked probable cause to arrest him. Devenpeck v. Alford, 543 U.S. 146, 156 (2004); Voyticky v. Vill. of Timberlake, Ohio, 412 F.3d 669, 677 (6th Cir. 2005). Probable cause to make an arrest exists if, at the moment of the arrest, "the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." Klein v. Long, 275 F.3d 544, 550 (6th Cir. 2001) (internal quotation marks and citation omitted). The question of probable cause is a factually intensive one. Thus, "in general, the existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible." Id. (citation omitted).

In Sykes v. Anderson, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit outlined four

3

elements that a plaintiff must prove to succeed on a § 1983 malicious prosecution claim: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty, as understood under Fourth Amendment jurisprudence, apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. Id. at 308–09.

### A. Officer Jaymes Marler

Officer Marler, as a police officer, acts under color of state law when he arrests or institutes criminal proceedings against someone, for purposes of a claim under § 1983. West v. Atkins, 487 U.S. 42, 49–50 (1988); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975) "[A]cts of officers who undertake to perform their official duties are included [within the scope of § 1983]whether they hew to the line of their authority or overstep it." (citation omitted)). The question is whether the allegations in the complaint establish that Marler violated Plaintiff's constitutional rights.

Although the complaint does not contain detailed allegations, the Court finds that, construed very broadly, it adequately alleges that Plaintiff has been arrested without probable cause by Officer Jaymes Marler on more than one occasion. He alleges that Marler arrested him without probable cause in May 2017 on charges that were expunged in February of this year. He alleges that Marler arrested him again without probable cause in March 2018. The complaint states a § 1983 false arrest claim against Marler.

In addition, the Court finds, for purposes of the initial review, that the complaint also states a malicious prosecution claim against Marler. Plaintiff alleges that (1) Marler made or influenced the decision to prosecute claims against Plaintiff; (2) there was a lack of probable cause; (3) Plaintiff suffered prolonged deprivations of liberty; and (4) the charges were ultimately dismissed

4

in his favor.

The claims against Marler will, at this juncture, be permitted to proceed.

**B.      Murfreesboro Police Department and Murfreesboro, Tennessee**

The Murfreesboro Police Department, a division of the town of Murfreesboro, is not itself a "person" that is subject to liability under § 1983. See Petty v. Cty. of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007) (finding that a county sheriff's department is not a "person" subject to liability under § 1983); Mathes v. Metro Gov't of Nashville and Davidson Cty., No. 3:10-cv-0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug. 25, 2010) (dismissing a county sheriff's department as an improper party under § 1983). The claims against the Police Department itself will be dismissed on that basis.

However, Plaintiff also names the City of Murfreesboro as a defendant. A municipality or other local governmental entity is considered a "person" under § 1983 and may be held liable for its actions in depriving a plaintiff of his federal rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). A municipality will not be liable, however, simply because it employs the alleged unlawful actor. See Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("We have consistently refused to hold municipalities liable under the theory of *respondeat superior*."). Instead, "liability only attaches where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." Heyerman v. Cty. of Calhoun, 680 F.3d 642, 648 (6th Cir. 2012) (quoting Miller v. Sanilac Cty., 606 F.3d 240, 254–55 (6th Cir. 2010)). That is, "[u]nder § 1983, local governments are responsible only for their own illegal acts" and will not be held vicariously liable for the actions of their employees. D'Ambrosio v. Marino, 747 F.3d 378, 386 (6th Cir. 2014) (citation omitted).

Because municipalities do not incur *respondeat superior* liability under § 1983, "a plaintiff

5

must adequately plead (1) that a violation of a federal right took place, (2) that the defendants acted under color of state law, and (3) that a municipality's policy or custom caused that violation to happen" to avoid dismissal under Rule 12(b)(6). Bright v. Gallia Cty., 753 F.3d 639, 660 (6th Cir. 2014) (citation omitted).

Plaintiff alleges that he has been arrested and prosecuted without probable cause over and over again—thirteen times. Although only the two arrests that fall within the statute of limitations are at issue here, the Court finds that the sheer number of arrests resulting in prosecutions that have subsequently been dismissed is sufficient at this juncture to suggest a pattern or practice attributable to the Police Department and, thus, to the City of Murfreesboro, for purposes of this initial review.

### C. Department of Human Services

Plaintiff does not state whether he intends to sue the Tennessee Department of Human Services ("TDHS") or the Rutherford County Department of Human Services, but the Indictment attached to the Complaint indicates that charges for assault were brought against Plaintiff by Janna Gooch, "who was acting in the course of her official duties for the Tennessee Department of Human Services." (Doc. No. 1 at 6.) In light of this attachment to the pleading, the Court presumes that Plaintiff intends to sue TDHS.

TDHS, a state agency, is not a "person" subject to suit under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Moreover, as an agency of the State of Tennessee, it is entitled to sovereign immunity. Brent v. Wayne Cty. Dep't of Human Servs., 901 F.3d 656, 681 (6th Cir. 2018). Several exceptions to Eleventh Amendment immunity exist, including consent to the suit and congressional abrogation of the state's immunity. See, e.g., League of Women Voters of Ohio v. Brunner, 548 F.3d 463, 474 (6th Cir. 2008); Barton v. Summers, 293 F.3d 944, 948 (6th

Cir. 2002). But neither of these applies in the current case. The Tennessee General Assembly has not waived the State's immunity to suit under § 1983, Tenn. Code Ann. § 20-12-102, and the Supreme Court has made clear that § 1983 does not abrogate the state's Eleventh Amendment immunity, Quern v. Jordan, 440 U.S. 332, 341 (1979). In light of the state agency's sovereign immunity, the claims against TDHS will be dismissed.

### D. Janna Gooch

Plaintiff alleges that Janna Gooch contacted the Murfreesboro Police Department and falsely reported that he had assaulted her while he was at the TDHS offices to submit an application for emergency food stamps. He also alleges that the charges against him were ultimately dismissed. Attached to his complaint is a copy of the August 6, 2018 Indictment showing that Janna Gooch was a witness for the prosecution at the grand jury proceedings that resulted in the issuance of the Indictment. (Doc. No. 1 at 6.)

The law is clear that "a grand jury witness has absolute immunity from any § 1983 claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 369 (2012). Thus, to the extent the claim against Gooch is premised upon her grand jury testimony, such a claim is subject to dismissal. However, insofar as Plaintiff appears to allege that Gooch, a state official, made recklessly or intentionally false claims to the police, both before and after the Indictment, resulting in Plaintiff's arrest and prosecution, the Court finds, at this juncture at least, that Plaintiff has stated a colorable claim against this defendant for malicious prosecution. Plaintiff does not allege that Gooch was involved in his actual arrest, so, insofar as Plaintiff intended to state such a claim against her, it will be dismissed for failure to state a claim for which relief may be granted.

## III. Conclusion

The Court will dismiss the claims against TDHS as barred by the Eleventh Amendment.

All claims against the Murfreesboro Police Department and the false arrest claim against Janna Gooch will be dismissed for failure to state a claim for which relief may be granted. The other claims will be permitted to proceed.

An appropriate order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE