IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT L. OGLETREE, JR.          )
                                 )
    v.                           )    NO.  3:19-0189
                                 )
JAYMES MARLER, et al.            )

**TO:  Honorable Waverly D. Crenshaw, Jr., Chief District Judge**

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered April 5, 2020 (Docket Entry No. 5), this *pro se* and *in forma pauperis* civil case was referred to the Magistrate Judge for pretrial proceedings.  For the reasons set out below, the undersigned respectfully recommends that this case be dismissed.

Robert L. Ogletree, Jr. ("Plaintiff") is a resident of Tennessee who filed this lawsuit on March 1, 2019, seeking damages under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. *See* Complaint (Docket Entry No. 1).  Specifically, Plaintiff alleges that he has been unconstitutionally arrested and prosecuted without probable cause on at least thirteen occasions by police officers with the City of Murfreesboro, Tennessee.  He further alleges that, on one occasion, he was wrongfully arrested after Janna Gooch, a state employee with the Tennessee Department of Human Services, made false allegations about him to City of Murfreesboro police. Upon initial review under 28 U.S.C. § 1915, the Court directed that process issue to Gooch, the City of Murfreesboro,  Jaymes Marler ("Marler"), an officer with the police department for the City of Murfreesboro,  on Plaintiff's false arrest and malicious prosecution claims.  *See* Order entered April 2, 2019 (Docket Entry No. 5).

Although Plaintiff failed to return completed service packets for Defendants, the Court assisted Plaintiff and directed the Clerk to issue process to Defendants. *See* Order entered December 6, 2019 (Docket Entry No. 9). After Defendants were ultimately served with process and filed answers, *see* Docket Entry Nos. 16 and 17, a scheduling order and amended scheduling order were entered providing for a period of pretrial activity. *See* Docket Entry Nos. 18 and 20.

On July 14, 2020, Defendants Marler and the City of Murfreesboro filed a motion to dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.01(b) because of Plaintiff's failure to prosecute the case. *See* Docket Entry No. 23. Defendants assert that mail sent to Plaintiff at the address he provided has either been returned as undeliverable or has not been responded to by Plaintiff, and that they have also not been able to contact Plaintiff by telephone. Defendants contend that Plaintiff has not responded to their written discovery requests and that his current unknown whereabouts and/or unresponsiveness make it impossible to complete discovery and to defend the case brought against them.

By Order entered July 16, 2020, the Court notified Plaintiff of Defendants' motion and gave him a deadline of August 10, 2020, to show cause why this case should not be dismissed under Rule 41(b) for failure to prosecute. *See* Docket Entry No. 25.[1] Plaintiff has not responded in any manner to the Court's directive to show cause or to the motion to dismiss filed by Defendants Marler and the City of Murfreesboro.

---

[1] The Court notes that a copy of this Order was mailed to Plaintiff at his last known address, which appears to be the same address for which Defendants' certified mail was returned as undeliverable. The Court's mailing has apparently not been returned, at least as of this date. Regardless, if Defendant has moved, he failed to notify either Defendants or the Court of a new address.

On July 17, 2020, Defendant Gooch likewise filed a motion to dismiss the case under Federal Rule 41(b) and Local Rule 41.01(b), making essentially the same arguments for dismissal as those raised by Defendants Marler and the City of Murfreesboro. *See* Docket Entry No. 26. Plaintiff has not filed a response to Defendant Gooch's motion.

Rule 16(f)(1) of the Federal Rules of Civil Procedure provides that "on motion or on its own, the Court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party ... (C) fails to obey a scheduling or other pretrial order ." It is further well settled that federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R.*, 370 U.S. 626 (1961), and Rule 41(b) permits the Court to dismiss an action upon the showing of a clear record of delay, contumacious conduct, or failure to prosecute by a plaintiff. *See Bishop v. Cross*, 790 F.2d 38 (6th Cir. 1986); *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980). The imposition of sanctions and the type of sanctions imposed are matters within the sound discretion of the Court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988).

This action should be dismissed because of (1) Plaintiff's failure to respond to the Court's show cause order of July 16, 2020 and (2) Plaintiff's failure to prosecute the case. Plaintiff's failure to respond to the Court's specific order and his failure to respond to Defendants' motions indicate that he has lost interest in prosecuting this lawsuit. Additionally, his refusal to engage in discovery has prejudiced Defendants' ability to defend this case and prevents the case from moving forward. Although the Court recognizes Plaintiff's status as a *pro se* litigant affords him with some measure of leeway in the litigation of his case, proceeding *pro se* does not relieve a litigant from the basic

obligations required of all parties with respect to discovery and compliance with the orders of the Court. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Davis v. Bilbrey*, 2012 WL 2947587 (M.D. Tenn. July 19, 2012) (Haynes, J.) (*pro se* plaintiff's failure to respond to discovery requests and adhere to court imposed deadlines warranted sanction of dismissal); *Hanners v. Jones*, 2007 WL 2710694 (M.D. Tenn. Sept. 13, 2007) (Nixon, J.) (same). Plaintiff has exhibited an unwillingness to prosecute the action in the normal fashion. Further, his failure to keep the opposing parties and the Court advised of his current address makes it impossible for this case to proceed. Dismissal of the action with prejudice is appropriate in light of Plaintiff's fault and dilatory conduct, the prejudice caused to Defendants by Plaintiff's refusal to participate in discovery, and the needless expenditure of judicial and other resources caused by Plaintiff's conduct.

**R E C O M M E N D A T I O N**

For the reasons set out above, it is respectfully RECOMMENDED that the motions to dismiss of Defendants Marler and the City of Murfreesboro (Docket Entry No. 23) and Defendant Gooch (Docket Entry No. 26) be GRANTED and that this case be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981). Responses to any objections must be filed within fourteen (14) days of service of the objections. *See* 28 U.S.C. § 636(b)(1) and Local Rule 72.02(b).

    Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge